The Honorable LeRoy Dangeau State Representative 1105 Killough Road North Wynne, AR 72110
Dear Representative Dangeau:
I am writing in response to your request for my opinion on the following questions:
 1. When two districts consolidate and have two different millage rates, current law allows a new millage rate to be put on the ballot at the next school election. What happens if the voters from both districts turn down the millage?
 2. What happens if the voters in one district approve the millage, but the others do not?
RESPONSE
With respect to your first question, if the voters in a newly consolidated school district reject a proposed millage over and above the uniform rate of tax, the current millages will remain in effect. Ark. Const. amend. 74, § (c)(1); A.C.A. § 26-80-111(b), as amended by Act 105 of the Second Extraordinary Session of 2004. With respect to your second question, the voters in a newly consolidated school district would vote as a group, with the majority vote of the whole controlling.
Question 1: When two districts consolidate and have two different millagerates, current law allows a new millage rate to be put on the ballot atthe next school election. What happens if the voters from both districtsturn down the millage?
If the voters of the new district were to reject the proposed millage, the millage rates applicable in the areas comprising the former districts would remain as they were before the election. Amendment 74(c)(1) to the Arkansas Constitution provides in pertinent part:
 If a majority of the qualified voters in the school district voting in the school election approve the rate of tax proposed by the Board of Directors, then the tax at the rate approved shall be collected as provided by law. In the event a majority of the qualified electors voting in the school election disapprove the proposed rate of tax, then the tax shall be collected at the rate approved in the last preceding school election. However, if the rate last approved has been modified pursuant to subsection (b) or (c)(2) of this section, then the tax shall be collected at the modified rate until another rate is approved.
(Emphasis added.)[1]
Although Amendment 74 does not expressly mention the issue of consolidation, A.C.A. § 26-80-111(b), as amended by Act 105 of the Second Extraordinary Session of 2004, confirms Amendment 74's applicability in newly consolidated districts. Section 10 of Act 105 provides in pertinent part:
Section 10. Arkansas Code § 26-80-111 is amended to read as follows:
* * *
 (b) If a new school district is created from all or parts of two (2) or more districts or a district is dissolved and all or part of the area of the dissolved district is annexed to or consolidated with an existing district and if the electors have failed to approve a proposed millage rate at a an annual school election, then the millage rate for the district shall be the millage rate levied, at the last school election prior to the consolidation, annexation or merger in the district which had the highest average daily membership during the school year preceding the consolidation, annexation, or merger, provided such rate complies with the uniform rate of tax then the tax shall be collected at the rate approved in the last preceding school election. However, if the rate last approved has been modified pursuant to the Arkansas Constitution, Amendment 74, subsection (b) or subdivision (c)(2), then the tax shall be collected at the modified rate until another rate is approved.
As this passage reflects, the legislature amended A.C.A § 26-80-111(b) to provide that if the voters of a newly created district reject a proposed millage, the millage for the newly created district will not be the millage of the former district that had the highest number of students, as it would be under the law prior to the amendment, but rather whatever millage had been approved in the last preceding school election.
I recognize that there seems something unfair about having two rates in one district. I am frankly not sure whether the drafters of Amendment 74 anticipated this possibility in newly consolidated districts. In this regard, I am struck by the fact that the controlling language in Amendment 74(c) refers only in the singular to "the rate approved in the last preceding school election" — a usage that does not seem directly intended to address the situation where two rates might continue to apply in a newly consolidated district. Even in its amended form, A.C.A. §26-80-111(b), like 74(c), refers only in the singular to the resulting "rate" if the electors in a newly consolidated district reject a proposed millage. Nevertheless, in amending A.C.A. § 26-80-111(b) to conform to the language of Amendment 74, the legislature clearly indicated that the millages approved at the previous school election will continue in effect if the voters of a newly consolidated district reject a proposed millage.[2]
Question 2: What happens if the voters in one district approve themillage, but the others do not?
Once two districts have been consolidated, a majority vote of the electors residing within the consolidated district will determine whether the millage has been approved. It is not the case, as you appear to imply, that votes cast in each what had been distinct districts before consolidation will be considered separately following consolidation. If the proposed millage is not approved, the consequences discussed in my response to your first question will ensue.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] The qualifications set forth in the last sentence of the passage just quoted acknowledge that a millage might be subject to modification regardless of what the voters have approved in order to comply either with the 25-mill uniform rate of tax mandated by Amendment 74(b), see generally Ark. Op. Att'y Gen No. 2003-031, or any other adjustment required to ensure "compliance with any other provision of this Constitution, the United States Constitution, state or federal law, or court order," Amendment 74(c)(2).
[2] I should note that the phenomenon of varying millage rates within a particular district is not without precedent. On various occasions in districts lying within more than one county, the millage rate in one county has automatically rolled back pursuant to the provisions of Amendment 59 following a reappraisal in that county while the millage rate in the other county has remained the same.